**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

KENNETH O. LEWIS,

      Plaintiff,

  v.

APRIL F. CAMPBELL,

      Defendant.

**Civil Action No. 2:26-cv-0136
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) In accordance with section 804(a)(3) of the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(b)(1), a plaintiff must pay an initial partial filing fee of 20 percent of the greater of the average monthly deposits to his prison account or the average monthly balance in his account for the six-month period immediately preceding the filing of the complaint. After payment of the initial partial filing fee, a plaintiff is further required to make monthly payments of 20 percent of the preceding month's income credited to his prison account until he pays the full amount of the filing fee. 28 U.S.C. § 1915(b)(2).

Plaintiff's application and trust fund account statement reveal that he has insufficient funds in his prison account to pay the full filing fee. After consideration by this Court of Plaintiff's affidavit of indigence only, without regard to the merits of this case, Plaintiff's Motion (ECF No. 1) is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust fund account at the institution where he now resides is directed to calculate, as an initial partial payment, twenty percent (20%) of the greater of:

   (a) the average monthly deposits to the inmate trust account; or

   (b) the average monthly balance in the inmate trust account, for the six (6) months immediately preceding November 30, 2023.

The custodian is **ORDERED** to complete and to submit to the Clerk of Court in Columbus, Ohio the attached form showing the calculation of the initial partial filing fee. The custodian is further **ORDERED** to forward from Plaintiff's prison account to the Clerk of Court located in Columbus, Ohio the initial partial filing fee, as funds become available in Plaintiff's account until the initial filing fee is paid. Even if the account is under ten dollars ($10.00), the custodian must still forward payments to the Clerk of Court to pay the initial filing fee.

  After full payment of the initial partial filing fee, the custodian shall forward to the Clerk of Court located in Columbus, Ohio monthly payments of twenty percent (20%) of Plaintiff's preceding monthly income credited to his prison account, but only when the amount in the account exceeds ten dollars ($10.00), until the full fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk of the Court. 28 U.S.C. § 1915(b)(2).

  The Clerk of Court is **DIRECTED** to send a copy of this Order to the institutional cashier.

   *The prisoner's name and case number must be noted on each remittance.*

Checks are to be made payable to: **Clerk, U.S. District Court**.

Checks are to be sent to:

**Prisoner Accounts Receivable**
**121 U.S. Courthouse**
**85 Marconi Boulevard**
**Columbus, Ohio 43215**

## REPORT AND RECOMMENDATION

This matter is also before the Court for an initial screen of Plaintiff's Complaint (Compl., ECF No. 1-1) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. For the reasons below, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint.

### I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> \* \* \*
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or

---

[1] Formerly 28 U.S.C. § 1915(d).

malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

"A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law." *Brown v. Kruse*, No. 1:15-CV-526, 2015 WL 5907557, at *1 (S.D. Ohio Aug. 24, 2015) (citing *Neitzke*, 490 U.S. at 328–29), report and recommendation adopted, No. 1:15-CV-526, 2015 WL 5836009 (S.D. Ohio Oct. 7, 2015). "An action has no arguable legal basis when the . . . plaintiff claims a violation of a legal interest which clearly does not exist. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible." *Id.* (citations and quotations omitted). The Court does not need to accept as true factual allegations that are fantastical or delusional. *Id.* (citations and quotations omitted).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked

4

assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. ANALYSIS

The Undersigned concludes that the Court must dismiss Plaintiff's Complaint for failure to assert any claim over which this Court has subject-matter jurisdiction. Plaintiff sues April F. Campbell for malpractice, alleging that Defendant Campbell failed to communicate with him and send him transcripts. (Compl. at PageID 12.) Federal courts have limited jurisdiction. "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id.* (citation omitted); 28 U.S.C § 1331. For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than

each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); 28 U.S.C. § 1332(a).

Malpractice claims arise under state law. Plaintiff cites no federal laws or constitutional principles in his Complaint. In addition, Plaintiff fails to provide any allegations supporting the Court's exercise of diversity jurisdiction over these claims. The Undersigned, therefore, **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for lack of subject-matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS** this action for lack of subject-matter jurisdiction.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within **14 DAYS**, file and serve on all parties any objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within **14 DAYS** after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

6

**IT IS SO ORDERED.**

**Date: February 6, 2026**                                   /s/ *Elizabeth A. Preston Deavers*
                                                           **ELIZABETH A. PRESTON DEAVERS**
                                                           **UNITED STATES MAGISTRATE JUDGE**