**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KENNETH O. LEWIS,**

      **Plaintiff,**

                                    **Case Number 2:26-cv-136**

      v.                           **JUDGE EDMUND A. SARGUS, JR.**

                                      **Magistrate Judge S. Courter M. Shimeall**

**APRIL F. CAMPBELL,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge. (ECF No. 5.) After reviewing Plaintiff Kenneth O. Lewis's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Magistrate Judge recommended that the Court dismiss this action for lack of subject-matter jurisdiction. (*Id.* PageID 26.) Plaintiff filed an Objection to the Order and Report and Recommendation. (ECF No. 7.)

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection (ECF No. 7) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order and Report and Recommendation (ECF No. 5).

## BACKGROUND

Plaintiff, a prisoner at the Lebanon Correctional Institution proceeding *pro se*, filed a Complaint alleging that his former attorney, Defendant April F. Campbell, committed malpractice by failing to communicate with him and send him trial court transcripts. (ECF Nos. 1, 4.) Plaintiff moved for leave to proceed *in forma pauperis*. (ECF No. 1.) On February 6, 2026, the Magistrate Judge issued an Order and Report and Recommendation, granting Plaintiff's application to proceed *in forma pauperis* and recommending that the Court dismiss Plaintiff's

Complaint for lack of subject-matter jurisdiction. (ECF No. 5.) The Magistrate Judge recommends dismissal because federal courts have limited jurisdiction, and Plaintiff did not assert a claim over which this Court has subject-matter jurisdiction. (*Id.* PageID 25–26.) The Magistrate Judge explained that (1) Plaintiff sues Defendant Campbell for malpractice, which is a claim arising under state law, (2) Plaintiff cites no federal laws or constitutional principles in his Complaint, and (3) Plaintiff does not provide allegations supporting the Court's exercise of diversity jurisdiction over his claims. (*Id.*) Plaintiff objected to the Order and Report and Recommendation,[1] arguing that the Magistrate Judge erred because he asserted claims arising under the U.S. Constitution. (ECF No. 7.)

## LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S.

---

[1] Even though Plaintiff's Objection was filed on the Court's docket on March 10, 2026, the Court considers it to be timely. The Magistrate Judge's Order and Report and Recommendation was filed on February 6, 2026. (ECF No. 5.) Because Plaintiff was served via mail, his Objection was due 17 days later, on February 23, 2026. Fed. R. Civ. P. 6(d), 72(b)(2). The certificate of service attached to Plaintiff's Objection states that it was mailed on February 23, 2026, which is the date the Court considers the Objection to have been filed under the prison mailbox rule. (ECF No. 7, PageID 37, 41); *see, e.g.*, *Chapman v. Ohio*, No. 1:16cv896, 2017 WL 3587215, at *1 n.1 (S.D. Ohio Aug. 21, 2017) (Barrett, J.). Even if Plaintiff's Objection was untimely, however, the Court would consider the merits in this case. *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001) (explaining that a district court may consider objections to a magistrate's recommendations, even if filed late).

319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress authorized federal courts to dismiss certain claims *sua sponte*. *Id.* 28 U.S.C. § 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garrett v. Belmont Cnty. Sherriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Still, "a *pro se* pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

**ANALYSIS**

In his Objection, Plaintiff argues that the Magistrate Judge erred by recommending dismissal based on lack of subject-matter jurisdiction because he asserts claims arising under the U.S. Constitution. (ECF No. 7, PageID 35–36.) Plaintiff acknowledges that his claims are based on Defendant Campbell's alleged malpractice, but argues that this conduct violates the U.S. Constitution. (*Id.*) For example, Plaintiff states that he "sues April F. Campbell for malpractice, asserting that the Defendant Campbell failed to communicate with him during the appeal process by failing to provide important information and the trial court transcripts to the client as Constitutionally required by her professional responsibility of her duty." (*Id.* PageID 35.) In his Objection, Plaintiff argues that Defendant Campbell violated the Fifth, Sixth, and Fourteenth

3

Amendments because her conduct constituted "gross neglect" and discrimination based on "Plaintiff being an African minority and indigent." (*Id.* PageID 35–36.)

The Court overrules Plaintiff's Objection for a few reasons. First, although Plaintiff states in his Objection that Defendant Campbell's conduct violates the U.S. Constitution, he does not include those claims in his Complaint. His Complaint does not mention the U.S. Constitution; the Fifth, Sixth, or Fourteenth Amendments; or discrimination. (*See* ECF No. 4.) Parties may not add new claims in an objection to a report and recommendation. *Dennis v. Knab*, No. 2:08-CV-866, 2010 WL 3258395, at *1 (S.D. Ohio Aug. 17, 2010) (Smith, J.). Second, Plaintiff's claim for attorney malpractice pertains to state law. *Bland v. Sawyers*, No. 2:24-cv-4015, 2024 WL 4466250, at *3 (S.D. Ohio Oct. 10, 2024) (Vascura, M.J.), *report and recommendation adopted*, No. 2:24-cv-4015, 2024 WL 4987162 (S.D. Ohio Dec. 5, 2024) (Graham, J.). Third, even if Plaintiff's Complaint included a claim for violation of his rights under the U.S. Constitution pursuant to 42 U.S.C. § 1983, Plaintiff has not alleged that Defendant Campbell was a person acting under the color of state law, which is necessary to succeed on a § 1983 claim. *Palma-Barillas v. Cnty. Jail Med. Staff*, No. 2:22-cv-2798, 2023 WL 21256, at *3 (S.D. Ohio Jan. 3, 2023) (explaining that "as a lawyer representing a client, [the attorney defendant] was not a state actor within the meaning of § 1983").

Plaintiff has not alleged a claim over which this Court has subject-matter jurisdiction, so the Court adopts and affirms the Magistrate Judge's Order and Report and Recommendation and dismisses this action accordingly.

## CONCLUSION

For the reasons above, the Court **OVERRULES** (ECF No. 7) Plaintiff's Objection and **ADOPTS** and **AFFIRMS** (ECF No. 5) the Magistrate Judge's Order and Report and

4

Recommendation. The Court **DISMISSES** this action without prejudice for lack of subject-matter jurisdiction.

The Clerk is **DIRECTED** to enter judgment, close this case on the Court's docket, and mail a copy of this Opinion and Order to Plaintiff Kenneth O. Lewis, A785946, at Lebanon Correctional Institution, P.O. Box 56, 3791 State Route 63, Lebanon, Ohio 45036.

**IT IS SO ORDERED.**

**4/24/2026**                                        **s/Edmund A. Sargus, Jr.**
**DATE**                                                      **EDMUND A. SARGUS, JR.**
                                                               **UNITED STATES DISTRICT JUDGE**